Donald S. Taylor, J.
In a suit to foreclose a mortgage on real estate plaintiff moves for summary judgment. Defendant cross-moves for leave to amend its answer, to restrain plaintiff from proceeding in this action until a final determination of defendant’s claim of tax exemption of the property covered by the mortgage asserted in a suit pending undetermined in this court and to require plaintiff to give security for costs pursuant to section 1523 of the Civil Practice Act. The cross motion for leave to serve the amended answer, which is unopposed, is granted.
Although the complaint alleges defaults in payment of principal and interest provided by'the terms of the mortgage instrument, it was conceded by plaintiff on the argument of the motion *826 that such payments are current. The sole basis upon which plaintiff relies to declare the whole of the principal sum and interest due is the default of the defendant in the payment of the 1959 and 1960 town and county taxes and the 1958 and 1959 school taxes levied against the mortgaged premises'for 60 days • after notice and demand. It appears that the County Treasurer of Columbia County has sold the premises for the nonpayment of the 1959 town and county taxes and the 1958 school taxes and that plaintiff, to protect the lien of its mortgage, has purchased them at the tax sale.
The defendant contends that the taxes levied and assessed against the subject premises are illegal, and void on the ground that it is a membership corporation entitled to tax exemption pursuant to the provisions of the New York State Constitution and section 420 of the Real Property Tax Law. The sole question which is here for determination is whether or not the failure of the defendant to pay the taxes so levied furnishes a sufficient basis of default which would warrant the granting of the summary relief which is sought.
The mortgage, in usual form, provides: “ that the whole of said principal sum and interest shall become due at the option of the mortgagees (assignors of plaintiff) after default in the payment of * * * any tax, water rate or assessment for 60 days after notice and demand ’ ’. It is plain from the terms of the instrument that a default for 60 days, after notice and demand, in the payment of any tax levied against the premises by a duly constituted taxing authority is sufficient at the option of the mortgagee to accelerate payment of the principal sum and to justify foreclosure. Defendant may be entitled to the exemption which it claims. However, its contention in that regard is no defense to this action. Plaintiff’s option to declare a default is not conditioned only on the nonpayment of those taxes the validity of which is not disputed by the defendant. Nor in the circumstances presented is there any justification to restrain the enforcement of plaintiff’s rights while the litigation of the issue of the propriety of the tax levies proceeds to its denouement. (Rauch v. Hudson Riv. Naval Academy, 272 App. Div. 1067.) Particularly is this true since defendant may pay the taxes levied and redeem the tax sale lien without loss to itself if it ultimately succeeds in the action to void them and there is no proof of its inability to do so. (Real Property Tax Law, §§ 556, 726.)
Accordingly, the motion is granted and the cross motions to restrain the prosecution of the action and to require security for costs, the latter now academic, are denied.